Jonathan L. Sulds (JS-4674)
Jonathan L. Israel (JI-5882)
Lauren H. Leyden (LL-0937)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000 (tel)
(212) 872-1002 (fax)
E-mail:  jsulds@akingump.com
        jisrael@akingump.com
        lleyden@akingump.com

*Attorneys for Defendant United Parcel Service, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

WILLIAM O'BRIEN,

Plaintiffs,

-against-

UNITED PARCEL SERVICE INC.,

Defendant.

------------------------------------------------------------------x

No. CV-07-10437 (LTS)

ANSWER TO COMPLAINT
AND JURY DEMAND

Defendant United Parcel Service, Inc. ("UPS"), by and through its attorneys Akin Gump Strauss Hauer & Feld LLP, hereby answers the Complaint And Jury Demand ("Complaint") filed by William O'Brien ("Plaintiff") as set forth below.  UPS further states that any allegation in the Complaint that is not expressly admitted below is denied.

1.    UPS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.    UPS admits the allegations in Paragraph 2 of the Complaint, except avers that its proper name is United Parcel Service, Inc.

3.     UPS denies the allegations in Paragraph 3 of the Complaint; except admits that Plaintiff was assigned to a UPS facility located at 4215 Boston Post Road, Bronx, New York, 10466, from approximately June 26, 2006 until December 10, 2007.

## JURISDICTION AND VENUE

4.     In response to Paragraph 4 of the Complaint, UPS admits that Plaintiff purports to bring claims and seek remedies under the statutes cited and other appropriate rules, regulations, statutes, and ordinances, but denies that there is any basis in fact or in law for the claims asserted by Plaintiff. The remaining allegations in Paragraph 4 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, UPS denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.     Paragraph 5 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, UPS denies the allegations contained in Paragraph 5 of the Complaint.

## STANDING

6.     UPS admits the allegations in Paragraph 6 of the Complaint.

7.     In response to Paragraph 7 of the Complaint, UPS admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), EEOC Charge No. 520-2007-01115, but denies that there was or is any basis in fact or in law for the claims asserted therein by Plaintiff.

8.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations about what Plaintiff received; and admits that the EEOC issued a "Right to Sue" letter dated September 12, 2007. The remaining allegations in Paragraph 8 contain conclusions of law to which no response is required.

9.    UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 9 of the Complaint.

FACTS

10.    In response to the allegations in Paragraph 10 of the Complaint, UPS admits upon information and belief that Plaintiff was born on December 24, 1955, and denies knowledge or information sufficient to form a reasonable belief as to the truth of the remaining allegations.

11.    UPS admits the allegations in Paragraph 11 of the Complaint.

12.    UPS denies the allegations in Paragraph 12 of the Complaint; except admits that Plaintiff began work for UPS as a package car driver in the Metro New York District.

13.    UPS admits the allegations in Paragraph 13 of the Complaint.

14.    UPS denies the allegations in Paragraph 14 of the Complaint.

15.    UPS denies the allegations in Paragraph 15 of the Complaint; except admits that as an Operations Supervisor, the Plaintiff's responsibilities consisted of, *inter alia*, training new package car drivers, retaining existing package car drivers, covering as needed, dispatching, working with safety and various other tasks as needed.

16.    UPS admits the allegations in Paragraph 16 of the Complaint.

17.    UPS denies the allegations in Paragraph 17 of the Complaint.

18.    UPS denies knowledge or information sufficient to form a reasonable belief as to the allegations in Paragraph 18 of the Complaint; except admits that Plaintiff previously worked for Mr. Coker and that Mr. Slaybaugh became the UPS Manager of the Manhattan East Center.

19.    UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 19 of the Complaint; except denies that Plaintiff

complained that his age or health affected or could affect his job performance; and UPS denies that Plaintiff requested a transfer for health related reasons at any time.

20.     UPS denies the allegations in Paragraph 20 of the Complaint.

21.     UPS denies the allegations in Paragraph 21 of the Complaint; except admits and avers that Mr. Slaybaugh's job duties included, *inter alia*, observing the on-the-job (OJS) supervision performed by all the UPS Supervisors reporting to him.

22.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 23 of the Complaint; except admits that Mr. Slaybaugh told the Plaintiff that package car drivers were complaining about him.

24.     UPS denies the allegations in Paragraph 24 of the Complaint; except admits that Mr. Sheppard would often rely on input from Plaintiff's Manager Mr. Slaybaugh.

25.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 25 of the Complaint; except admits that Plaintiff reported to the UPS Manhattan North building.

26.     UPS denies the allegations in Paragraph 26 of the Complaint; except admits and avers that Plaintiff was transferred to the UPS Brush Avenue facility in or around Fall 2003 for legitimate business reasons resulting in no change to his job title, compensation or job duties; and that Mr. Harding was the Center Manager of the UPS Pehlam Bay Center.

27.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 27 of the Complaint; except admits and avers that Plaintiff was transferred to the UPS location at Brush Avenue for legitimate business reasons

resulting in no change to Plaintiff's job title, job duties or compensation and that UPS employees are often transferred to different UPS locations based on UPS's operational needs.

28.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 28 of the Complaint.

29.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 30 of the Complaint; except admits and avers that Plaintiff's job duties, *inter alia*, included performing on-the-job supervision (OJS) of other UPS employees and that an OJS typically lasts for three days during which time a UPS package car driver is observed by a UPS Supervisor.

31.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 31 of the Complaint; except admits and avers that Plaintiff's job duties, *inter alia*, included performing an OJS of other UPS employees.

32.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the remaining allegations in Paragraph 32 of the Complaint; except admits and avers that Plaintiff's job duties, *inter alia*, included performing OJS of UPS package car drivers for purposes of increasing production, *inter alia*.

33.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34.     UPS admits the allegations in Paragraph 34 of the Complaint.

35.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36.     UPS admits the allegations in Paragraph 36 of the Complaint.

37.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39.     UPS denies the allegations in Paragraph 39 of the Complaint; except admits that Mr. O'Sullivan was moved into Plaintiff's division in or about Spring 2005.

40.     UPS denies the allegations in Paragraph 40 of the Complaint.

41.     UPS denies the remaining allegations in Paragraph 41 of the Complaint; except admits that Ed Harding resigned from his employment with UPS on August 16, 2005.

42.     UPS denies the allegations in Paragraph 42 of the Complaint.

43.     UPS denies the allegations in Paragraph 43 of the Complaint; except admits that in September 2005, Mr. Gilmartin became a UPS Business Manager reporting to Brush Avenue and that Mr. Gilmartin had previously been a UPS Manager at the Yorktown building.

44.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 44 of the Complaint; except admits and avers that Plaintiff's job duties, *inter alia*, included training UPS package car drivers.

45.     UPS denies the allegations in Paragraph 45 of the Complaint; except admits that Plaintiff's job duties, *inter alia*, included supporting UPS package car drivers with extremely large loads.

46.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 46 of the Complaint; except admits that Plaintiff worked with Mueller, a UPS package car driver with performance problems.

47.    UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 47 of the Complaint; except admits and avers that Plaintiff's job duties, *inter alia*, included helping UPS package car drivers to complete their route assignments and hold them accountable for any falsification of documents or other violations of UPS policies and that a meeting was held with Mr. Slaybaugh, Plaintiff, the business agent, the steward and Mr. Mueller to discipline Mr. Mueller for his actions.  UPS denies that Mr. Mueller was allowed to disparage Plaintiff, but admits and avers that Mr. Slaybaugh asked Plaintiff to explain UPS's position that Mr. Mueller should be disciplined.

48.    UPS denies the allegations in Paragraph 48 of the Complaint.

49.    UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 49 of the Complaint; except admits that in September 2005,  Plaintiff was temporarily assigned to the UPS Fordham Center due to staffing shortages.

50.    UPS denies the allegations in Paragraph 50 of the Complaint; except denies knowledge or information sufficient to form a reasonable belief as to the allegations regarding Mr. O'Sullivan; and admits and avers that Mr. Slaybaugh called Plaintiff, who told Mr. Slaybaugh that he was fine to continue working.

51.    UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 51 of the Complaint; except admits and avers that Plaintiff was never relieved of his duties because Plaintiff stated he was fine to continue working and never requested to be relieved to seek medical attention.

52.    UPS denies the allegations in Paragraph 52 of the Complaint.

53.    UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 53 of the Complaint.

54. UPS denies the allegations in Paragraph 54 of the Complaint; except admits and avers that in Summer 2006, Plaintiff had his annual career discussion meeting with Mr. Slaybaugh and Mr. Gilmartin.

55. UPS denies the allegations in Paragraph 55 of the Complaint.

56. UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 56 of the Complaint.

57. UPS denies the allegations in Paragraph 57 of the Complaint.

58. UPS denies the allegations in Paragraph 58 of the Complaint.

59. UPS denies the allegations in Paragraph 59 of the Complaint; except admits and avers that around July 2006, Plaintiff was transferred to the UPS New Rochelle Center in the Mount Vernon building and that this transfer was made for a legitimate business reason resulting in no change to Plaintiff's job title, job duties or compensation.

60. UPS denies the allegations in Paragraph 60 of the Complaint; except admits and avers that while he was on vacation Mr. Gilmartin received a call from Plaintiff informing him that the Plaintiff had been transferred, that this transfer was made for a legitimate business reason and did not result in any change to Plaintiff's job title, job duties or compensation, and that Mr. Gilmartin did not know about the transfer until Plaintiff told him about it.

61. In response to the allegations in Paragraph 61 of the Complaint, UPS denies knowledge or information sufficient to form a reasonable belief as to truth of the allegations that Plaintiff reported to Mr. Lisowski and that Mr. Reynolds was on vacation at the time Plaintiff first reported to the UPS New Rochelle Center. UPS admits the remaining allegations in Paragraph 61 of the Complaint.

62.    UPS denies knowledge or information sufficient to form a reasonable belief as to truth of the allegations in Paragraph 62 of the Complaint.

63.    UPS denies the allegations in Paragraph 63 of the Complaint; except admits and avers that as part of his investigation into an accident that then UPS package car driver, Robert Blackmore, had while operating a UPS package car, Mr. Foy spoke with Plaintiff regarding Plaintiff's training of Mr. Blackmore.  UPS also admits that Mr. Foy told Plaintiff that Mr. Slaybaugh might want Plaintiff to provide a write-up describing Plaintiff's training of Mr. Blackmore.

64.    UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 64 of the Complaint; except admits that Mr. Slaybaugh asked Plaintiff for the write-up on his training of Mr. Blackmore.

65.    UPS denies the allegations in Paragraph 65 of the Complaint; except admits that Mr. Abaitello met with Plaintiff regarding Mr. Blackmore's accident.

66.    UPS denies the allegations in Paragraph 66 of the Complaint; except admits that Mr. Slaybaugh and Mr. Abaitello met with Plaintiff regarding Mr. Blackmore's accident.

67.    UPS denies the allegations in Paragraph 67 of the Complaint; except admits that Mr. Abaitello reviewed records of Plaintiff's time spent training Mr. Blackmore with the Plaintiff.

68.    UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 68 of the Complaint; except admits and avers that Mr. Abaitello met with Plaintiff regarding Mr. Blackmore's accident, asked Plaintiff to provide a write-up of the time he spent training Mr. Blackmore and told Plaintiff that they may need to have a follow-up meeting as part of the investigation.

69.     UPS denies the allegations in Paragraph 69 of the Complaint; except admits that Mr. Slaybaugh met with Plaintiff to review Plaintiff's time spent training Mr. Blackmore.

70.     UPS denies the allegations in Paragraph 70 of the Complaint; except admits and avers that on September 1, 2006, Mr. McCarren called Plaintiff to tell him to report to Mr. Slaybaugh immediately at the UPS Brush Avenue facility, and that Mr. Slaybaugh asked Plaintiff to return to the UPS facility because he and Mr. Gilmartin had observed Plaintiff driving a UPS package car down a one way street in the wrong direction earlier that morning.

71.     UPS admits the allegations in Paragraph 71 of the Complaint; and avers that Plaintiff was sent home from work and told that he would be meeting with UPS District Human Resources Manager Henry Beards to determine whether or not his employment would be terminated due to his misconduct.

72.     UPS denies the allegations in Paragraph 72 of the Complaint; except admits and avers that Mr. Slaybaugh told Plaintiff to attend a meeting at the UPS 43rd Street building with UPS District Human Resources Manager Henry Beards to discuss the disciplinary action Plaintiff would receive for the safety violation he committed.

73.     UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 73 of the Complaint; except UPS denies berating Plaintiff or falsely accusing Plaintiff of lying; and admits and avers that, in light of the circumstances surrounding Mr. Blackmore's accident, at a meeting with Mr. Beards and Mr. Slaybaugh Plaintiff was reminded he was a Supervisor responsible for setting an example for the UPS package car drivers, and was disciplined for driving the wrong way down a one way street, and that UPS permitted him to remain employed but as a result of his actions denied awarding Plaintiff a management incentive for that year.

74.    UPS denies the allegations in Paragraph 74 of the Complaint; except denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations about what Plaintiff witnessed.

75.    UPS denies the allegations in Paragraph 75 of the Complaint; except admits that Plaintiff told Mr. Slaybaugh that tractor trailer drivers were driving down the one way street the wrong way.

76.    UPS denies the allegations in Paragraph 76 of the Complaint.

77.    UPS denies the allegations in Paragraph 77 of the Complaint; except admits and avers that the UPS Feeder Department at the UPS Brush Avenue location was notified that UPS Feeder Drivers at that location were backing up UPS vehicles on a one way street; and that once UPS was aware of this, the UPS Feeder Drivers at that location were instructed that such conduct was prohibited and would result in disciplinary action.

78.    UPS denies the allegations in Paragraph 78 of the Complaint; except admits and avers that Mr. Abaitello told Plaintiff he could have a copy of Plaintiff's write-up regarding Mr. Blackmore but refused to give Plaintiff a copy of all the documents in Mr. Blackmore's file.

79.    UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 79 of the Complaint; except admits and avers that Plaintiff did not report an injury to UPS on November 16, 2006 and that Plaintiff's job duties, *inter alia*, included checking on UPS trainees out on the road and assisting UPS trainees to complete deliveries.

80.    UPS denies the allegations in Paragraph 80 of the Complaint; except admits and avers that on November 17, 2006 Plaintiff was assigned to train a new UPS employee.

81.    UPS denies the allegations in Paragraph 81 of the Complaint; except admits and avers that Plaintiff called in an alleged injury and received a confirmation number.

82.    UPS denies the allegations in Paragraph 82 of the Complaint.

83.    UPS denies the allegations in Paragraph 83 of the Complaint.

84.    UPS denies the allegations in Paragraph 84 of the Complaint.

85.    UPS denies the allegations in Paragraph 85 of the Complaint; except admits and avers that Mr. Francis tried calling Plaintiff to tell him to report to a meeting to discuss disciplinary action resulting from the safety violation Plaintiff committed on November 17, 2006.

86.    UPS denies the allegations in Paragraph 86 of the Complaint.

87.    UPS denies knowledge or information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 87 of the Complaint; except admits that Plaintiff never returned to work at UPS after November 17, 2006.

88.    UPS denies the allegations in Paragraph 88 of the Complaint.

89.    UPS denies the allegations in Paragraph 89 of the Complaint.

90.    UPS denies the allegations in Paragraph 90 of the Complaint; except admits and avers that in connection with Plaintiff's unexcused absence, Mr. Francis called Plaintiff on December 6, 2006, and told him to report to work at a UPS Center.

91.    UPS denies the allegations in Paragraph 91 of the Complaint.

92.    UPS denies the allegations in Paragraph 92 of the Complaint; except admits and avers that after several weeks during which Plaintiff failed to report to work or provide an excuse for his absence, UPS sent Plaintiff a letter explaining that because Plaintiff had failed to report to work on December 7, 2006 as directed, if Plaintiff did not report to work or contact his

UPS Division Manager by Monday December 11, 2006, UPS would have to consider Plaintiff as voluntarily abandoning his job.

93.     UPS denies the allegations in Paragraph 93 of the Complaint.

94.     UPS denies the allegations in Paragraph 94 of the Complaint.

95.     UPS denies the allegations in Paragraph 95 of the Complaint.

96.     UPS denies the allegations in Paragraph 96 of the Complaint.

97.     UPS denies the allegations in Paragraph 97 of the Complaint.

98.     UPS denies the allegations in Paragraph 98 of the Complaint.

99.     UPS denies the allegations in Paragraph 99 of the Complaint.

100.    UPS denies the allegations in Paragraph 100 of the Complaint.

101.    UPS denies the allegations in Paragraph 101 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

102.    UPS incorporates and repeats as if fully set forth herein each and every of its responses herein to the allegations in the Complaint.

103.    UPS denies the allegations in Paragraph 103 of the Complaint.

104.    UPS admits the allegations in Paragraph 104 of the Complaint.

105.    UPS admits the allegations in Paragraph 105 of the Complaint; and avers that Plaintiff's employment with UPS was administratively terminated on December 10, 2007, in accordance with UPS policy because Plaintiff was absent from work for more than 12 months and never indicated an ability or willingness to return to work.

106.    UPS denies the allegations in Paragraph 106 of the Complaint.

107.    UPS denies the allegations in Paragraph 107 of the Complaint.

108.    UPS denies the allegations in Paragraph 108 of the Complaint.

109.    UPS denies the allegations in Paragraph 109 of the Complaint.

110.    UPS denies the allegations in Paragraph 110 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
## NEW YORK EXECUTIVE LAW § 296- DISABILITY

111.    UPS incorporates and repeats as if fully set forth herein each and every of its responses herein to the allegations in the Complaint.

112.    UPS denies the allegations in Paragraph 112 of the Complaint.

113.    UPS admits the allegations in Paragraph 113 of the Complaint.

114.    UPS admits the allegations in Paragraph 114 of the Complaint; and avers that Plaintiff's employment with UPS was administratively terminated on December 10, 2007, in accordance with UPS policy because Plaintiff was absent from work for more than 12 months and never indicated an ability or willingness to return to work.

115.    UPS denies the allegations in Paragraph 115 of the Complaint.

116.    UPS denies the allegations in Paragraph 116 of the Complaint.

117.    UPS denies the allegations in Paragraph 117 of the Complaint.

118.    UPS denies the allegations in Paragraph 118 of the Complaint.

119.    UPS denies the allegations in Paragraph 119 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
## NEW YORK CITY CODE § 8-107- DISABILITY

120.    UPS incorporates and repeats as if fully set forth herein each and every of its responses herein to the allegations in the Complaint.

121.    UPS denies the allegations in Paragraph 121 of the Complaint.

122.    UPS denies the allegations in Paragraph 122 of the Complaint.

123.    UPS denies the allegations in Paragraph 123 of the Complaint.

124.    UPS denies the allegations in Paragraph 124 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
## IN VIOLATION OF THE ADA- RETALIATION

125.    UPS incorporates and repeats as if fully set forth herein each and every of its responses herein to the allegations in the Complaint.

126.    UPS denies the allegations in Paragraph 126 of the Complaint.

127.    UPS denies the allegations in Paragraph 127 of the Complaint.

128.    UPS denies the allegations in Paragraph 128 of the Complaint.

129.    UPS denies the allegations in Paragraph 129 of the Complaint.

130.    UPS denies the allegations in Paragraph 130 of the Complaint.

131.    UPS denies the allegations in Paragraph 131 of the Complaint.

132.    UPS denies the allegations in Paragraph 132 of the Complaint.

133.    UPS denies the allegations in Paragraph 133 of the Complaint.

134.    UPS denies the allegations in Paragraph 134 of the Complaint.

135.    UPS denies the allegations in Paragraph 135 of the Complaint.

136.    UPS denies the allegations in Paragraph 136 of the Complaint.

137.    UPS denies the allegations in Paragraph 137 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION
## IN VIOLATION OF THE NYS EXECUTIVE LAW § 296- RETALIATION

138.    UPS incorporates and repeats as if fully set forth herein each and every of its responses herein to the allegations in the Complaint.

139.    UPS denies the allegations in Paragraph 139 of the Complaint.

140.  UPS denies the allegations in Paragraph 140 of the Complaint.

141.  UPS denies the allegations in Paragraph 141 of the Complaint.

142.  UPS denies the allegations in Paragraph 142 of the Complaint.

143.  UPS denies the allegations in Paragraph 143 of the Complaint.

144.  UPS denies the allegations in Paragraph 144 of the Complaint.

145.  UPS denies the allegations in Paragraph 145 of the Complaint.

146.  UPS denies the allegations in Paragraph 146 of the Complaint.

147.  UPS denies the allegations in Paragraph 147 of the Complaint.

148.  UPS denies the allegations in Paragraph 148 of the Complaint.

149.  UPS denies the allegations in Paragraph 149 of the Complaint.

150.  UPS denies the allegations in Paragraph 150 of the Complaint.

AS AND FOR A SIXTH CAUSE OF ACTION
IN VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE § 8-107-
RETALIATION

151.  UPS incorporates and repeats as if fully set forth herein each and every of its responses herein to the allegations in the Complaint.

152.  UPS denies the allegations in Paragraph 152 of the Complaint.

153.  UPS denies the allegations in Paragraph 153 of the Complaint.

154.  UPS denies the allegations in Paragraph 154 of the Complaint.

155.  UPS denies the allegations in Paragraph 155 of the Complaint.

156.  UPS denies the allegations in Paragraph 156 of the Complaint.

157.  UPS denies the allegations in Paragraph 157 of the Complaint.

158.  UPS denies the allegations in Paragraph 158 of the Complaint.

159.  UPS denies the allegations in Paragraph 159 of the Complaint.

160.    UPS denies the allegations in Paragraph 160 of the Complaint.

161.    UPS denies the allegations in Paragraph 161 of the Complaint.

162.    UPS denies the allegations in Paragraph 162 of the Complaint.

163.    UPS denies the allegations in Paragraph 163 of the Complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

164.    UPS incorporates and repeats as if fully set forth herein each and every of its responses herein to the allegations in the Complaint.

165.    UPS denies the allegations in Paragraph 165 of the Complaint.

166.    UPS denies the allegations in Paragraph 166 of the Complaint.

167.    UPS denies the allegations in Paragraph 167 of the Complaint.

168.    UPS denies the allegations in Paragraph 168 of the Complaint.

169.    UPS denies the allegations in Paragraph 169 of the Complaint.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## IN VIOLATION OF THE NYS EXECUTIVE LAW § 296- AGE DISCRIMINATION

170.    UPS incorporates and repeats as if fully set forth herein each and every of its responses herein to the allegations in the Complaint.

171.    UPS denies the allegations in Paragraph 171 of the Complaint.

172.    UPS denies the allegations in Paragraph 172 of the Complaint.

173.    UPS denies the allegations in Paragraph 173 of the Complaint.

174.    UPS denies the allegations in Paragraph 174 of the Complaint.

175.    UPS denies the allegations in Paragraph 175 of the Complaint.

176.    UPS denies the allegations in Paragraph 176 of the Complaint.

AS AND FOR A NINTH CAUSE OF ACTION
IN VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE – AGE
DISCRIMINATION

177.    UPS incorporates and repeats as if fully set forth herein each and every of its responses herein to the allegations in the Complaint.

178.    UPS denies the allegations in Paragraph 178 of the Complaint.

179.    UPS denies the allegations in Paragraph 179 of the Complaint.

180.    UPS denies the allegations in Paragraph 180 of the Complaint.

181.    UPS denies the allegations in Paragraph 181 of the Complaint.

182.    UPS denies the allegations in Paragraph 182 of the Complaint.

183.    UPS denies the allegations in Paragraph 183 of the Complaint.

AS AND FOR A TENTH CAUSE OF ACTION
IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) -
RETALIATION

184.    UPS incorporates and repeats as if fully set forth herein each and every of its responses herein to the allegations in the Complaint.

185.    UPS denies the allegations in Paragraph 185 of the Complaint.

186.    UPS denies the allegations in Paragraph 186 of the Complaint.

187.    UPS denies the allegations in Paragraph 187 of the Complaint.

188.    UPS denies the allegations in Paragraph 188 of the Complaint.

189.    UPS denies the allegations in Paragraph 189 of the Complaint.

AS AND FOR AN ELEVENTH CAUSE OF ACTION
IN VIOLATION OF THE NYS EXECUTIVE LAW § 296- RETALIATION

190.    UPS incorporates and repeats as if fully set forth herein each and every of its responses herein to the allegations in the Complaint.

191.    UPS denies the allegations in Paragraph 191 of the Complaint.

192.    UPS denies the allegations in Paragraph 192 of the Complaint.

193.    UPS denies the allegations in Paragraph 193 of the Complaint.

194.    UPS denies the allegations in Paragraph 194 of the Complaint.

195.    UPS denies the allegations in Paragraph 195 of the Complaint.

### AS AND FOR A TWELFTH CAUSE OF ACTION IN VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE – RETALIATION

196.    UPS incorporates and repeats as if fully set forth herein each and every of its responses herein to the allegations in the Complaint.

197.    UPS denies the allegations in Paragraph 197 of the Complaint.

198.    UPS denies the allegations in Paragraph 198 of the Complaint.

199.    UPS denies the allegations in Paragraph 199 of the Complaint.

200.    UPS denies the allegations in Paragraph 200 of the Complaint.

201.    UPS denies the allegations in Paragraph 201 of the Complaint.

### JURY DEMAND

202.    UPS admits that Plaintiff has requested a jury to try all claims triable by jury.

### DEFENSES

1.    The Complaint, or portions thereof, fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.  More specifically and without limiting the foregoing, Plaintiff alleges in Paragraph 19 of his Complaint that he was unlawfully refused a transfer in February 2003; that claim is barred by the applicable statute of limitations.

3.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, release, satisfaction and accord, estoppel, res judicata, collateral estoppel, and/or unclean hands.

4.      All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory reasons that were in no way related to his age or any disability, and were made in good faith and without any intent to discriminate on the basis of age or disability.

5.      At all times during his employment with UPS, Plaintiff was employed at-will.

6.      On the facts alleged, Plaintiff is not entitled to the common law, statutory, or other compensatory, exemplary, or punitive damages, equitable or injunctive relief, interest, pre-judgment interest, costs, disbursements, or pecuniary or non-pecuniary damages requested in the Complaint.

7.      UPS is not liable to Plaintiff for the acts or omissions of any supervisory or managerial employee which were beyond the scope of employment.

8.      The alleged acts or omissions of UPS were not the proximate cause of any injuries or damages allegedly incurred by Plaintiff.

9.      To the extent, if any, Plaintiff has suffered any damages and/or losses, such damages and losses were a result of Plaintiff's own conduct and/or omissions.

10.     Plaintiff has failed to mitigate damages, in whole or in part.

11.   The claims in the Complaint are barred, in whole or in part, by the doctrine of after-acquired evidence.

12.   The ADA is a remedial statutory scheme in which Congress has specified the remedial relief, if any, available to a prevailing plaintiff.  To the extent that Plaintiff seeks remedies beyond the scope of this specified statutory remedy, such claims for relief are improper and should be dismissed.

13.   Plaintiff is not entitled to any recovery because any alleged acts or omissions by UPS were made in good faith, in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies.

14.   At all relevant times, Defendant acted in good faith and with reasonable belief that it has not violated the ADA, ADEA, New York State Human Rights Law, New York City Human Rights Law, or any other law with respect to Plaintiff.

15.   Plaintiff has failed to satisfy conditions precedent to maintaining this action.

16.   Plaintiff has failed to exhaust his administrative remedies and/or to comply with all applicable administrative procedures.

UPS reserves the right to add, alter and/or amend its defenses and affirmative defenses as the course of discovery so requires.

WHEREFORE, having fully answered the Complaint filed by Plaintiff, Defendant UPS respectfully requests that the Court dismiss Plaintiff's claims with prejudice, or in the alternative, that each and every request for relief be denied and that all costs and attorneys' fees be awarded to UPS against Plaintiff along with such other relief as the Court may deem just and proper.

Dated:  New York, New York
        January 31, 2008

                                    Respectfully submitted,


                    By:     /s/ Jonathan L. Sulds
                            Jonathan L. Sulds (JS-4674)
                            Jonathan L. Israel (JI- 5882)
                            Lauren H. Leyden (LL-0937)
                            AKIN GUMP STRAUSS HAUER & FELD LLP
                            590 Madison Ave.
                            New York, New York 10022
                            (212) 872-1000 (tel)
                            (212) 872-1002 (fax)
                            E-mail:  jsulds@akingump.com
                                     jisrael@akingump.com
                                     lleyden@akingump.com

                            *Attorneys for Defendant United Parcel Service, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of January 2008, the foregoing Answer to Plaintiff's Complaint and Jury Demand was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

> David Gabor, Esq.
> Gabor & Gabor
> 400 Garden City Plaza, Suite 406
> Garden City, New York  11530
>
> *Counsel for Plaintiff*

> /s/ Jonathan L. Sulds
> Jonathan L. Sulds