COURTESY COPY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-16-08

RECEIVED
MAY 12 2008
LAURA TAYLOR SWAIN
U.S.D.J.

Richard J. Rabin (RR-0037)
Lauren H. Leyden (LL-0937)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000 (tel)
(212) 872-1002 (fax)
E-mail:  rrabin@akingump.com
            lleyden@akingump.com

*Attorneys for Defendant United Parcel Service, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILLIAM O'BRIEN,

                         Plaintiff,

         -against-

UNITED PARCEL SERVICE INC.,

                         Defendant.
------------------------------------------------------------x

No. CV-07-10437 (LTS) (HBP)

## CONFIDENTIALITY STIPULATION & ORDER

IT IS HEREBY STIPULATED AND AGREED by the undersigned parties to this action that the following protective provisions shall be observed in connection with all discovery in this action as follows:

1.     This Confidentiality Agreement shall apply to all discovery materials disclosed during the course of the above-captioned action (the "Litigation") including but not limited to any pleading, affidavit, brief, motion, transcript or other writing, or in any testimony given in a deposition, hearing, or trial (collectively, "Litigation Materials").

2. Whenever any party represents that information requested through discovery contains or discloses confidential or sensitive business, personnel, or personal information, that party shall clearly designate such information as confidential as provided herein. With regard to commercially sensitive information, the disclosure of which could cause competitive injury to the disclosing party, or information implicating privacy interests of the parties, their agents, or employees, the disclosing party shall have the option of designating such information as highly confidential as provided herein. For documents, it is a sufficient designation of confidentiality that the documents be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as appropriate. For materials other than documents (e.g., interrogatory responses, deposition transcripts, etc.), it is a sufficient designation of confidentiality to provide a signed, written statement describing the materials or portions thereof that are Confidential or Highly Confidential or, for depositions or at any hearing or trial, make a statement on the record of the material or portions thereof that are Confidential or Highly Confidential.

3. Confidential information shall be made available only to and inspected only by:

   a. The parties to this Litigation;

   b. In the case of the non-individual parties in this Litigation, officers, directors, partners, employees, in-house counsel and insurers of the party, its affiliates, subsidiaries and divisions, if any, of such entities deemed necessary by counsel to aid in the prosecution, defense or settlement of the claims in this Litigation;

   c. The attorneys of record for the parties and in-house counsel for the non-individual parties, and their stenographic, clerical, secretarial, paralegal, or

        other personnel whose functions make it appropriate for them to have access to such information;

d.     The Court (and any appellate court), including court personnel, jurors, and alternate jurors;

e.     Court reporters to the extent necessary to allow them to record court proceedings and depositions in the Litigation;

f.     Expert witnesses and consultants (other than employees of the parties, their affiliates, subsidiaries and divisions) who are retained by counsel in connection with the Litigation to the extent that such disclosure is necessary to assist such counsel in the prosecution, defense, or settlement of the claims in this Litigation, <u>provided that</u> all such persons to whom such disclosure is made shall agree in writing that the confidential information is not to be disclosed by him or her to anyone else or to be used for any purpose other than trial preparation, trial or appeal of this action;

g.     A person who is testifying as a witness either at a deposition or a court proceeding in the Litigation, during the time he or she is testifying, provided (i) that the witness was a signatory, author, addressee, or recipient of such "Confidential" material, or a person to whom disclosure was made of the information set forth therein; or (ii) the witness is a current officer, director, agent, or employee of the party that designated the material Confidential; and

h.     Other person(s) to whom the parties agree in writing in advance.

4. The foregoing notwithstanding, information that has been designated as Highly Confidential shall not be disclosed to any person or entity except those identified in paragraphs 3(c)-(h) above, provided that Highly Confidential materials shall only be disclosed to any expert or consultant described in paragraph 3(f) above if the expert or consultant is neither involved in the analysis underlying the business decisions of any competitor of the producing party nor participates in those business decisions.

5. In the event the recipient of a document or information disputes the producing party's designation of confidentiality, the recipient shall notify the producing party in writing of such dispute. In an effort to settle such dispute without judicial intervention, the parties shall meet and confer to determine whether the confidentiality designation is proper under the applicable governing law. If resolution of the dispute cannot be reached, the recipient may apply to the Court for an appropriate determination. In connection with such an application, the producing party shall bear the burden to show that the information is entitled to continued protection under the applicable governing law. During the pendency of such dispute or application, and until the Court may rule otherwise, the information designated as Confidential or Highly Confidential shall remain subject to the designations and restrictions of this Confidentiality Agreement. No party shall be deemed to have conceded that material is actually Confidential or Highly Confidential by electing not to challenge the designation, but the party must treat such material consistent with its designation as Confidential or Highly Confidential.

6. Each person to whom Confidential or Highly Confidential information is disclosed shall use the Confidential or Highly Confidential information only for purposes of this Litigation and shall not otherwise disclose it to any other person, except as provided for herein. However, this Confidentiality Agreement does not prohibit disclosure of a document containing

Confidential or Highly Confidential information to persons indicated on the face of such document as having been authors or recipients of such document in substantially the form produced.

7. If either party intends to use Confidential or Highly Confidential material of the other party at any hearing or trial or in any other manner that would make the material a public record or otherwise compromise the confidentiality of the material, the party intending to disclose the material shall give reasonable advance notice to the other party and shall confer with the other party in good faith in an attempt to determine a means to protect the confidentiality of the material, including, for example, redacting Confidential or Highly Confidential information if possible. If the parties cannot reach an acceptable resolution, the producing party shall be given five (5) business days to seek adequate protection for the materials. If fewer than five (5) business days remain prior to the hearing or trial in question, the producing party shall make application to the Court as soon as practicable. In either case, Confidential or Highly Confidential material shall not be disclosed until the Court rules on the producing party's application.

8. The recipient of any Confidential or Highly Confidential information that is provided pursuant to this Confidentiality Agreement shall maintain such Confidential or Highly Confidential information in a secure and safe area and the recipient shall exercise due and proper care with respect to the storage, custody, and use of such confidential information.

9. At the conclusion of this Litigation, including exhaustion of all appeals, the parties agree to return all Confidential or Highly Confidential documents, including transcript pages designated Confidential or Highly Confidential, copies, and extracts in their possession to the party or counsel who had asserted that the information was Confidential or Highly

Confidential, or certify in writing that such information has been destroyed. Counsel of record for the parties shall be free to retain its work product and copies of all pleadings, notes, and transcripts under conditions designed to ensure that such materials shall remain confidential.

10. Nothing in this Confidentiality Agreement shall impose any restriction on the use or disclosure by a party of its own documents.

11. Nothing in this Confidentiality Agreement shall impose any restrictions on the use or disclosure by a party or witness of material obtained by such party or witness independent of discovery in this proceeding, whether or not such material is also obtained through discovery in this proceeding.

12. All discovery material exchanged between the parties in this action, whether designated under provisions of this Confidentiality Agreement or not, shall be used solely for the prosecution, defense, or settlement of the claims in this Litigation and shall not be used for any business, commercial, competitive, personal, or other purpose.

13. Nothing in this Confidentiality Agreement shall prevent a party, in good faith, from designating or redesignating a document or information that has already been produced to another party or been testified to at a hearing or trial or in a deposition, in which case the other party shall thereafter treat the document or information as redesignated. In the event that two or more copies of a document or information are produced under different designations, the more restrictive designation of confidentiality shall apply to all copies of the documents. The designation of information as Confidential or Highly Confidential information, pursuant to this Confidentiality Agreement, shall not be construed as a concession by a producing party that such information is relevant or material to any issue, is otherwise discoverable, or is admissible in

trial, or by a receiving party that such information is, in fact, confidential or sensitive financial, business, or commercial information.

14. The producing party may consent to have any material previously designated as Confidential or Highly Confidential pursuant to this Confidentiality Agreement removed from the scope of this Confidentiality Agreement by so notifying counsel in writing or by so stating on the record at any Court proceeding.

15. The production of any Litigation Materials during the Litigation shall be without prejudice to any claim that such materials are privileged or protected from discovery as attorney work product.

16. The parties may amend or modify any provision of this Confidentiality Agreement by mutual written agreement.

Dated: New York, New York
May 8, 2007

By: _____
Richard J. Rabin (RR-0037)
Lauren H. Leyden (LL-0937)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000 (tel)
(212) 872-1002 (fax)
E-mail: rrabin@akingump.com
lleyden@akingump.com

*Attorneys for Defendant United Parcel Service, Inc.*

By: _____
David G. Gabor (DG-9979)
Gabor & Gabor
400 Garden City Plaza, Suite 406
Garden City, New York 11530
(516) 248-2525 (tel)
(516) 248-4468 (fax)

*Attorneys for Plaintiff William O'Brien*

SO ORDERED:

_____
U.S.M.J.   5-15-08

7